NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JIMMIE LEE FORD, *Petitioner.*

No. 1 CA-CR 13-0873 PRPC

FILED 5-14-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2008-006114-001
The Honorable Maria del Mar Verdin, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jimmie Lee Ford, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie, Judge Kenton D. Jones, and Judge Jon W. Thompson delivered the following decision of the Court.

---

**PER CURIAM**:

¶1        Jimmie Lee Ford petitions for review from the trial court's dismissal of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

¶2        A jury convicted Ford of possession of narcotic drugs, possession of marijuana, and two counts of aggravated assault. We affirmed Ford's convictions and two of his sentences on direct appeal, but vacated and remanded the two sentences for aggravated assault. *State v. Ford*, 1 CA-CR 09-0114 (Ariz. App. Jul. 13, 2010) (mem. decision). On remand, the trial court resentenced Ford to a reduced, consecutive term of fifteen years' imprisonment for each count of aggravated assault and affirmed his sentence imposed January 30, 2009 for Counts 3 and 4. He now seeks review of the summary dismissal of his second post-resentencing notice of post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Ford argues the trial court must allow him to file an untimely appeal of his sentences for aggravated assault because the failure to file a timely notice of appeal after resentencing was not his fault. *See* Ariz. R. Crim. P. 32.1(f). Ford contends he told his counsel to file a notice of appeal after he was resentenced, but counsel failed to do so.[1]

¶4        We deny relief. The trial court resentenced Ford on April 20, 2011. Nearly two weeks before the sentencing hearing, Ford received his second notice of rights of review in this case. That notice advised Ford that he would lose his right to appeal if he did not file a notice of appeal within twenty days of the entry of judgment and sentence. Despite knowing he

---

[1]        Ford has never identified the issues he wishes to raise on appeal. We note that the trial court incorrectly stated that he argued the failure to file a timely notice of "post-conviction relief" was not his fault. Ford has always presented this issue in the context of the failure to file a notice of appeal.

had to file a notice of appeal within twenty days of sentencing, Ford waited two and a half years to seek to file an untimely notice of appeal. Moreover, Ford filed a timely petition for post-conviction relief after resentencing and after the deadline to appeal had passed. He thus could have raised this issue in a prior petition for post-conviction relief. Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a).

¶5        For the reasons stated, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama